**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00205-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DEMETRIUS KENTRELL GERMANY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* Emergency Motion for Compassionate Release filed by Defendant Demetrius Kentrell Germany ("Germany"). See Record Document 118. Germany seeks early release due to health conditions and the COVID-19 pandemic. See id. The Government has opposed Germany's motion. See Record Document 120.

Germany's p*ro se* motion was filed on September 3, 2020 and also included a request for appointment of counsel. See Record Document 118. The Federal Public Defender's Office notified the Court on September 8, 2020 that its office would not be enrolling on behalf of Germany. Appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter. Therefore, Germany's request for appointment of counsel is **DENIED**.

On January 31, 2018, Germany plead guilty before Magistrate Judge Hornsby to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine or 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Documents 73 & 75. The undersigned accepted the guilty plea on February

2, 2018.  See Record Document 77.  Germany was sentenced on April 10, 2019 to 100 months imprisonment.  See Record Documents 108 & 109.  He is presently serving his sentence at the FCI Forrest City Low in Arkansas.

In his motion, Germany seeks compassionate release due to the COVID-19 pandemic, noting the "proliferation of Covid-19 at (FCL) Forrest City Low."  Record Document 118 at 2.  Germany maintains that his health conditions, including high blood pressure and Type 2 diabetes, constitute extraordinary and compelling reasons for compassionate release.  See id. at 5, 9.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Germany moves to modify his sentence under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(1)(B).  Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory."). The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The statute sets forth no exceptions to this mandatory statutory exhaustion requirement. Recently, the Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." Franco, 2020 WL 5249369 at *3. Moreover, petitioners such as Germany bear the burden of showing that he has exhausted his administrative remedies

with the BOP before filing compassionate release motions.  See U.S. v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, *3 (W.D. Wash. May 7, 2020).

Here, Germany asserts:

> On -----, 2020, the petitioner submitted a letter to Warden Dewayne Hendrix, asking him to consider filing a motion on behalf of the petitioner due to the vulnerability of the petitioner to being or becoming infected with Covid-19. The petitioner has not received a response from the Warden and is submitting this request to the Court for review and consideration for home confinement.

Record Document 118 at 3.  He reiterates this contention later in his motion, but also alleges that "this Court can excuse the exhaustion requirement."  Id. at 6, 8.  Germany also attached a "Inmate Request to Staff" dated August 25, 2020, stating:

> I sent the Warden a request for compassionate release on May 29, 2020.  I haven't gotten a respond [sic] back.

Record Document 118-1 at 12.

In its opposition, the Government noted that it inquired with BOP as to Germany's alleged request for compassionate release within BOP.  See Record Document 120 at 3.  A BOP official advised counsel for the Government that the "Inmate Request to Staff" form attached to Germany's motion does not appear in the BOP system.  See id.  The BOP official also noted that the form was not signed by a BOP staff member and the disposition section of the form was blank.  See id.  It is the Government's position that such deficiencies suggest that the form was never received by BOP.  See id.

As stated previously, Germany bears the burden of showing that he has exhausted his administrative remedies within the BOP before filing a compassionate release motion. See Van Sickle, 2020 WL 2219496, *3.  With only his word and no documentation from BOP evidencing Germany's May 29, 2020 request for compassionate release,  this Court

cannot say that Germany has met his burden. He has submitted insufficient documentation to support his contention that he has exhausted within BOP. While the Court is sympathetic to Germany's health conditions and is acutely aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Germany's failure to exhaust his administrative remedies or to waive the 30-day waiting period. See Franco, 2020 WL 5249369. Germany must first present his request to BOP and/or present this Court with documentation of such request. At this time, the Court does not have authority to grant the relief Germany requests.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Germany's Emergency Motion for Compassionate Release (Record Document 118) be and is hereby **DENIED WITHOUT PREJUDICE**. He has failed to exhaust his administrative remedies as required by the statute. Germany may re-file his motion once he has achieved one of the two avenues for exhaustion under Section 3582(c)(1)(A).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of October, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT